UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATASCHA LINDEMANN, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: |
| LAURA MERCIER US HOLDCO, INC., | : |
| Defendant. | : |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, Natascha Lindemann ("Lindemann" or "Plaintiff"), brings this complaint in the United States District Court for the Southern District of New York against LAURA MERCIER US HOLDCO, INC. ("Mercier" or "Defendant"), alleging as follows:

## THE PARTIES

1. Plaintiff is a Berlin-based beauty photographer. She works internationally for clients such as Kylie Skin, Sephora, MAC Cosmetics and Artdeco. Lindemann possesses an immense knowledge of makeup and skincare and background in marketing, and the expertise needed to produce high-conversion photos to sell makeup and skincare products in bulk.

2. Defendant is a Limited Liability Company organized and existing under the laws of the State of Delaware with its principal place of business located in New York, New York. Defendant's agent for service of process is CT Corporation System, 28 Liberty Street, New York, New York 10005.

## **JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because Defendant has maintained sufficient minimum contacts with New York and as a result the exercise of personal jurisdiction over Defendant by this Court would not offend traditional notices of fair play and substantial justice.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent(s) reside or may be found in this district: "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant."

**FACTS**

I.         **The Photograph(s)at Issue in this Lawsuit**

    6. On July 26, 2018, Lindemann captured the photograph, "TRU2955084Jul262018," ("Copyrighted Photograph"). A copy of Copyrighted Photograph is exhibited below:



    7. Copyrighted Photograph was registered by Lindemann with the United States Copyright Office on June 6, 2022 (Registration No.: VA 2-305-137).

    8. For all times relevant to this action, Plaintiff has been the author and exclusive copyright holder of all copyright rights in and to Copyrighted Photograph. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

**II.        Defendant's Unlawful Activities**

9. Defendant is a makeup and skincare company.

10. On or about February 28, 2020, Defendant published Copyrighted Photograph to its website (www.instagram.com/lauramercier):





11. Defendant is not and has never been licensed to use or display Copyrighted Photograph. Defendant never contacted Plaintiff to seek permission to use Copyrighted Photograph in connection with its website or for any other purpose.

12. Upon information and belief, Defendant located a copy of Copyrighted Photograph on the internet and, rather than contact Plaintiff to secure a license, simply copied Copyrighted Photograph for its own commercial use.

13. Plaintiff first discovered Defendant's unauthorized use/display of Copyrighted Photograph on or about March 1, 2020. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of Copyrighted Photograph.

## **COUNT I: COPYRIGHT INFRINGEMENT**

14. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

15. Copyrighted Photograph is an original work of authorship, embodying copyrightable subject matter, and therefore subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

16. Lindemann owns a valid copyright in Copyrighted Photograph, having registered Copyrighted Photograph with the Register of Copyrights.

17. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright.

18. Defendant reproduced, distributed, and publicly displayed Copyrighted Photograph without authorization from Plaintiff.

19. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying Copyrighted Photograph for its own commercial purposes.

20. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.

21. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

22. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of Copyrighted Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of Copyrighted Photograph, which amounts shall be proven at trial.

23. Alternatively, to the extent infringement by Defendant of Copyrighted Photograph occurred post-registration or within the three (3) month period between first publication and registration, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

24. To the extent infringement by Defendant of Copyrighted Photograph occurred post-registration or within the three (3) month period between first publication and registration, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct pursuant to 17 U.S.C. § 505 for such infringement of the corresponding Copyrighted Photograph.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in Copyrighted Photograph;

b. A declaration that such infringement is willful (to the extent applicable);

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election (to the extent applicable), an award of statutory damages for willful infringement up to $150,000.00 for infringement of each photograph comprising the Work.

d. Awarding Plaintiff its costs and (if applicable) reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market Copyrighted Photograph or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: February 28, 2023    */s/ David C. Deal*
David C. Deal (VA Bar No.: 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 625
Charlottesville, VA 22902
434-233-2727, Telephone
david@daviddeal.com
*Counsel for Plaintiff*